WILBERT NOYES *vs.* CALEB GILMAN.

Washington, 1874.—March 9, 1876.

*Promissory note.*

A. gave to B. a negotiable note; B. drew an order on A. to pay to C. or order the amount of the note. In answer to a letter (not in evidence) from C., A. writes, "the order . . . . to pay you the note is good;" C. indorsed the order to D., who sues A. as an acceptor thereon. *Held,* that the order may operate as an assignment of the note, but not as an independent negotiable instrument upon which an action can be maintained in the name of an indorsee.

ON REPORT.

ASSUMPSIT, on an order drawn by one Uriah Nelson, in favor of J. F. Greely, and by him indorsed and delivered to the plaintiff. The writ is dated September 18, 1869, and contains three counts; 1, for that the said defendant at Yuba, to wit, at said Machias, in January, 1865, by his promissory note of that date, by him signed for value received, promised one Uriah Nelson, to pay him or order the sum of eight hundred dollars in gold coin on demand with interest at two per cent per month, and alleging the indorsement and delivery by Nelson to one J. F. Greely, and by him to the plaintiff, etc. ; 2, for that one Uriah Nelson, at Yuba, to wit, at said Machias, on the thirteenth day of April, 1866, drew his order, etc., directed to the said Gilman as follows :

"Mr. Caleb Gilman, Dear Sir : Please pay the amount of your note to J. F. Greely or order, the note was eight hundred dollars, interest at two per cent a month, from January, 1865, and oblige yours, Uriah Nelson ; Yuba, April 13, 1866 ;" and alleging the presentation of the order to the defendant, its acceptance by him,

and its subsequent indorsement by Greely to the plaintiff, whereby he directed the contents thereof to be paid to the plaintiff, etc., and the defendant in consideration thereof promised the plaintiff to pay him the contents of said order according to the tenor thereof, to wit, the sum of eight hundred dollars with interest at two per cent a month, from and after January, A. D. 1865, in gold coin, according to the tenor of said note and order ; 3, the money counts joined.

The plea was the general issue.

The plaintiff at the trial presented the order declared on in the second count with the indorsement. He also put in a letter from the defendant to Greely, dated Sacramento, April 27, 1866, containing among other things this : "Yours of the 23 inst., I received this morning . . . the order from Nelson to pay you the note is good, but I cannot pay it immediately," and closing in substance thus : as soon as my partner who is owing me can let me have the money, "I can then forward it to you, which I will do by Wells, Fargo & Co."

The defendant testified that Uriah Nelson resided in British Columbia ; that he gave Nelson his negotiable note for eight hundred dollars in 1865, or possibly in 1864, that he had never seen or heard from it since, and had never paid it.

The case was made law on report. If the action cannot be maintained, the court to order a nonsuit ; otherwise a default for the sum found due.

*C. R. Whidden,* for the plaintiff.

*J. Granger & A. McNichol,* for the defendant.

PETERS, J. We think the order can operate as an assignment of the note, but not as an independent negotiable instrument upon which this action can be maintained. The words "value received" are not in it, but they are not indispensable. *Townsend* v. *Derby,* 3 Metc., 363. Still it is some indication of what was in the minds of the parties when the order was drawn. The order was not presented to the defendant. He was informed of it by letter. It does not appear how the order was described to him in the letter. But the answer is to the effect that he would pay the note (not the

order) to the person in whose favor the order was drawn. If this was in any view an acceptance, it was only a conditional one. There is, at any rate, an implied understanding that the defendant will pay the note to such person upon the condition that he shall surrender the note when payment of it is made. When the maker pays the note he is entitled to its possession. The note is not completely described in the order. Its date and time of payment are not named. It is declared that it "was" $800. But, if there had been a partial payment on it, the defendant would be entitled to have the amount deducted when the note should be paid. Inasmuch as the order is not drawn for an absolutely certain sum, and would be payable only upon a contingency, it cannot be regarded as a negotiable instrument, and this action (by an indorsee) cannot be maintained. *Hubbard* v. *Mosely,* 11 Gray, 170. *American Exchange Bank* v. *Blanchard,* 7 Allen, 333.

*Plaintiff nonsuit.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.